UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants Countrywide Home Loans, Inc. ("Countrywide"), Bank of America, N.A. (as successor by merger to defendant BAC Home Loans Servicing, LP ("BAC")),[1] and the Bank of New York Mellon (f/k/a the Bank of New York, as trustee for Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-19 Mortgage Pass-Through Certificates, Series 2007-19)  ("Bank of New York"), and Does 1-10 (collectively, "Defendants"). (Docket No. 18.)  Plaintiff Andrew Heying has filed an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for February 27, 2012 is vacated, and the matter taken off calendar.

I.     Factual & Procedural Background

On May 4, 2007, Plaintiff obtained a loan from Countrywide Home Loans, Inc., secured by a Deed of Trust to the property located at 118 Catamaran Street, Marina Del Rey, CA 90292 (the "Property").  The Deed of Trust named ReconTrust Company, N.A. ("ReconTrust") as trustee and Mortgage Electronic Registration Services, Inc. ("MERS"), as beneficiary.  In addition to executing the Deed of Trust, Plaintiff also executed a Fixed Rate Note (the "Note") memorializing the loan.  In March 2009, Plaintiff, experiencing financial difficulty, initiated an application for a loan modification with BAC.[2]  Plaintiff needed the monthly payments restructured to reflect a decrease in his monthly gross income, but the application was denied.

On October 22, 2010, MERS executed a Corporation Assignment of Deed of Trust, purporting to assign its beneficial interest in the Property, Deed of Trust and Note to Bank of New York (the "Assignment").  That same day, ReconTrust executed a Notice of Default directing Plaintiff to contact

---

[1]     For ease of reference, and consistent with Plaintiff's allegations, the Court will employ the term BAC to refer to both BAC and Bank of America.

[2]     It is not alleged how or when Plaintiff came to know that BAC was the servicer of Plaintiff's loan, nor do Defendants clarify how or when BAC assumed that role.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

Bank of New York, the new beneficiary, care of BAC, to determine the amount owed on the mortgage and to arrange for payment of the outstanding debt. A Notice of Trustee's Sale, naming BAC as the Loan Servicer, was recorded by ReconTrust (as agent for the beneficiary, Bank of New York) on February 1, 2011, with the sale to take place on February 24, 2011. The sale has since been postponed, and Plaintiff remains in possession of the Property.

Plaintiff initiated this litigation in state court in December 2010. Defendants demurred to Plaintiff's original complaint and again to Plaintiff's first amended complaint. After reviewing Defendants' demurrer to the first amended complaint, Plaintiff dismissed his state court action without prejudice and filed this action on July 25, 2011. Plaintiff's ex parte application for a temporary restraining order was denied on August 11, 2011. On September 8, 2011, Plaintiff amended his original Complaint as a matter of right. The Court granted Defendants' motion to dismiss the First Amended Complaint on December 22, 2011. On January 09, 2012, Plaintiff filed his Second Amended Complaint ("SAC"), alleging the following causes of action: (1) declaratory relief; (2) quasi-contract; (3) violation of section 1692e of the Fair Debt Collection Practices Act ("FDCPA"); (4) violation of section 1641(g) of the Truth in Lending Act ("TILA"); (5) violation of § 2605 of the Real Estate Settlement Procedures Act ("RESPA"); (6) violation of California Business and Professions Code section 17200; (7) an accounting; (8) breach of contract; (9) breach of the implied covenant of good faith and fair dealing; and (10) violation of California Civil Code section 2923.5 and 2924.[3/]

Defendants now move to dismiss the SAC. Having reviewed the parties' submissions, and for the reasons that follow, the Court grants in part and denies in part Defendants' Motion to Dismiss.

II.     Legal Standard

---

[3/]     Plaintiff's claims for violation of RESPA, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of California Civil Code sections 2924 and 2923.5 are alleged for the first time in the SAC. The Court, in granting Defendants' motion to dismiss the FAC, did not grant Plaintiff leave to lodge these new causes of action. Nor did Plaintiff seek leave of court before lodging these new claims, as required by Federal Rule of Civil Procedure 15. Moreover, as discussed above, this is Plaintiff's *fifth* complaint filed in this litigation, which has been ongoing since December 2010. The Court notes that dismissal with prejudice of Plaintiff's new claims is warranted under such circumstances. See Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir. Cal. 1991) ("[Rule 15's] strong policy toward permitting the amendment of pleadings, however, must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'") (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). The Court nonetheless will address the sufficiency of these claims as pleaded. Any further attempts by Plaintiff to add new claims must comply with Rule 15, and will be looked on with skepticism by the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." In order to survive a Rule 12(b)(6) motion, typically a complaint need only give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting In re Wells Fargo Sec. Litig., 12 F.3d 922, 925 (9th Cir. 1993)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Unlike most claims, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "In order to plead fraud with particularity, the complaint must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 665 (9th Cir. 2010). If there are multiple defendants a complaint may not lump the defendants together; rather, it must differentiate between the defendants such that each defendant is separately informed of its alleged participation in the fraud. Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). Where fraud is not an essential element of the claim a plaintiff may nevertheless choose to base its claim on a unified course of fraudulent conduct. "In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). A plaintiff may also choose to allege some fraudulent conduct and some non-fraudulent conduct in support of a claim. "In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." Id. at 1104. Rule 9(b) applies to causes of action under state law. See Swartz, 476 F.3d at 764-75.

III.     Analysis

    A.     Declaratory Relief Claim

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). To award relief under the Declaratory Judgment Act, the district court must first find that the action presents a case of actual controversy, as required by Article III of the Constitution. Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). "Article III requires that there be a 'substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Aydin Corp. v. Union of India, 940 F.2d 527, 528 (9th Cir. 1991) (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). Next, the district court must decide whether to exercise jurisdiction over the case. Kearns, 15 F.3d at 143-44; Government Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (stating

Case 2:11-cv-06098-PA -E Document 36 Filed 02/23/12 Page 4 of 10 Page ID #:865

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

that the statute is "'deliberately cast in terms of permissive, rather than mandatory, authority'") (quoting Public Serv. Comm'n of Utah v. Wycoff Co. Inc., 344 U.S. 237, 250 (1952) (Reed, J., concurring)).

Plaintiff's claim for declaratory relief seeks a judicial determination that, at the time the Notice of Default was created and recorded, neither Bank of New York nor BAC possessed any interest in the Note, Deed of Trust, mortgage, or Property that would allow them to demand payments on the Note or foreclose pursuant to the Deed of Trust. Section 2924(a)(1) of the California Civil Code states that a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process. Thus, if the Assignment to Bank of New York of Plaintiff's Deed of Trust and Note was fraudulent and invalid, Bank of New York would have no right to demand payments on Plaintiff's Note (whether directly or through its agent, BAC) or initiate foreclosure (through its agent, ReconTrust).

It is well established that a plaintiff has no right to bring suit merely to determine whether an entity initiating foreclosure is authorized to do so. Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1154-55 (2011) (explaining that California's "comprehensive" statutory scheme governing nonjudicial foreclosure provides "no grounds for implying such an action"). Nevertheless, plaintiff is able to bring suit when the complaint alleges a "specific factual basis for alleging" that foreclosure is unlawful. See id. at 1155. However, this basis must be supported by more than a bare assertion. See id. (citing Ohlendorf v. Am. Home Mortg. Servicing, 2010 U.S. Dist. LEXIS 31098, at *22-23 (E.D. Cal. Mar. 30, 2010) (finding a specific factual basis where there was evidence that two assignments of the deed of trust were improperly backdated)).

Plaintiff alleges that Defendants have no legal interest in payments on his mortgage. Plaintiff alleges that the Assignment was an invalid attempt to correct Defendants' failed securitization of Plaintiff's mortgage. Plaintiff alleges that a Pooling and Servicing Agreement ("PSA") related to the CWALT Trust (the "Trust"), into which a number of mortgage notes were to be pooled and administered by Bank of New York as trustee, required that Plaintiff's Note and Mortgage be transferred to the Trust on or before June 29, 2007, the "closing date." (SAC. ¶ 30.) Based on a personal audit of the Trust, Plaintiff alleges that his Note and Deed of Trust were not made part of the Trust before the closing date. Plaintiff alleges that the failure to securitize his Note makes it impossible for Bank of New York, the Trust, or BAC Servicing to claim any interest in the Note, Deed of Trust, or Property.

To the extent that Plaintiff's claim for declaratory relief is premised on allegations that Assignment is invalid as a result of Defendants' failure to comply with terms of the PSA, it is deficient as a matter of law. Because Plaintiff was not a party to or third-party beneficiary of the PSA, the alleged violations do not affect the validity of the Assignment to Plaintiff. Pua v. Recontrust Co., 2011 U.S. Dist. LEXIS 82624, at *10 n.3 (C.D. Cal. July 28, 2011); see also In re Samuels, 415 B.R. 8, 22 (D. Mass. 2009) (holding that an alleged failure to follow protocol set forth in the PSA did not render the assignment under the PSA invalid); Bridge v. Aames Capital Corp., 2010 U.S. Dist. LEXIS 103154, at *5 (N.D. Ohio Sept. 29, 2010) ("Given that Plaintiff was not a party to the assignment of the Mortgage between [lender] and [assignee], neither of which dispute the validity of the assignment, and has not and will not suffer any new injury nor face any obligation different from what was owed when [the lender] held the note, Plaintiff does not have standing to assert her claim.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

Plaintiff's allegation that Defendants fabricated the Assignment is also deficient. Plaintiff alleges that "T. Sevillano," who effected the Assignment, had no corporate authority to assign Plaintiff's Note and Mortgage to Bank of New York on behalf of MERS. (SAC ¶ 33.) Plaintiff bases this allegation on a LinkedIn profile for one "Tina Sevillano," which states that "Tina Sevillano" is an employee of ReconTrust Company (the foreclosure trustee). (See SAC, Ex. C.) Although Defendants' Reply neglects to state affirmatively that "T. Sevillano" is in fact an officer of MERS (which would require very little time and effort on Defendants' part), the Court nonetheless must dismiss this claim. Plaintiff's factual allegations do not raise above a speculative level his claim that the Assignment was fraudulently executed and therefore invalid. Plaintiff does not allege that any party has ever acted inconsistently with the Assignment, or that anyone other than Bank of New York now lays claim to an interest in the Deed of Trust and Note. An unverified LinkedIn profile, moreover, is insufficient to call into question the capacity of "T. Sevillano" to effect an assignment on MERS' behalf, particularly given every interested party's apparent belief that the Assignment was legitimate. Plaintiff's conclusory allegations regarding the validity of the Assignment thus fail to state a claim for declaratory relief.

Because the "substantial controversy" alleged by Plaintiff lacks any factual basis, Plaintiff has failed to state a claim for declaratory relief.

    B.    <u>Quasi-Contract</u>

Plaintiff next seeks restitution of all payments he made to defendants BAC and Bank of New York under a theory of quasi-contract. Specifically, Plaintiff alleges that these defendants "knowingly accepted payments and retained them for their own use knowing that Bank of New York and/or BAC Servicing did not aquire an interest in Plaintiff's Note, such that they could accept or keep Plaintiff's payments." (SAC ¶ 57.)

As the California Court of Appeals has explained,

> A quantum meruit or quasi-contractual recovery rests upon the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice. However, it is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation.

<u>Hedging Concepts, Inc. v. First Alliance Mortgage Co.</u>, 41 Cal. App. 4th 1410, 1419 (Cal. App. 2d Dist. 1996) (citations omitted).

Defendants thus move to dismiss this claim on the grounds that contracts (the Note and Deed of Trust) already exist that govern the relationship between Plaintiff and Defendants. Plaintiff has failed to set forth any allegations that render plausible his claim that Defendants are collecting payments to which they have no legal right. Thus, Plaintiff's claim for quasi-contract fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

    C.      FDCPA

Plaintiff next brings a claim against defendant Bank of New York and BAC for violation of the FDCPA, 15 U.S.C. § 1962. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt[,] . . . including the false representation of . . . the character, amount, or legal status of any debt . . . and the threat to take any action which cannot be legally taken." 15 U.S.C. § 1962e(2)(A), (5). Plaintiff alleges that Bank of New York violated these provisions by threatening to collect on the Note. (SAC ¶ 64.)

Defendants argue that they are not "debt collectors" as defined by the FDCPA. Under the FDCPA, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff's FDCPA claim fails against Defendant BAC, the servicer of Plaintiff's loans, because the Act does not cover "any person collecting or attempting to collect any debt . . . to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." Id. § 1692a(6)(f); S. Rep. 95-382, 1977 WL 16047, at *3 ("[T]he committee does not intend the definition to cover . . . the collection of debts, such as mortgages and student loans, by persons who originated such loans; mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing . . . ."). Plaintiff does not allege that BAC began servicing Plaintiff's loan at a time when Plaintiff was in default; indeed, Plaintiff's allegations suggest otherwise. (SAC ¶ 22 ("[Plaintiff] initiated loan modification negotiations with BAC Servicing . . . on or about March 2009, [after] experienc[ing] unforeseen financial hardship.").)

Finally, Plaintiff also fails to state an FDCPA claim against Bank of New York. The sole basis for Plaintiff's claim that Bank of New York's activity was unlawful is its allegation that Bank of New York has no legal interest in payment on the loan. Because Plaintiff has failed to allege sufficient facts to support his claim that Bank of New York has no interest in loan payments, his FDCPA claim against Bank of New York fails as well.

Plaintiff's FDCPA claim is thus dismissed.

    D.      TILA § 1641(g)

Defendants again move to dismiss Plaintiff's TILA claim by arguing that Plaintiff has not pleaded a causal connection between Bank of New York's alleged 1641(g) violation and Plaintiff's actual damages. In any event, "[e]ven if Plaintiff is not entitled to actual damages based on the allegations in his [S]AC, he has adequately pleaded that he is entitled to attorney's fees and statutory damages. Therefore, Defendants' Motion [to dismiss] Plaintiff's § 1641(g) claim is denied." Salmo v. PHH Mortg. Corp., 2012 U.S. Dist. LEXIS 3474, at *16 (C.D. Cal. Jan. 11, 2012).

    E.      RESPA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

      Plaintiff contends that BAC Servicing violated RESPA, 12 U.S.C. § 2605, by failing to respond adequately to Plaintiff's alleged Qualified Written Request ("QWR"). Under RESPA, a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). Among other things, a QWR must include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). Defendants argue that Plaintiff's July 20, 2011 letter to Bank of America (see SAC, Ex. D) does not constitute a QWR. The Court agrees.

      First, Plaintiff's letter fails to state specific or legitimate reasons for Plaintiff's belief that his account is in error. Plaintiff makes general statements regarding unspecified accusations against Bank of America without alleging that such accusations or alleged conduct relates to errors with his account.

      Moreover, it is apparent from the alleged QWR that Plaintiff's request was unrelated to the servicing of the loan. Rather, the alleged QWR largely contains requests for documents relating to the original loan transaction and its subsequent history. Hence, the request as a whole seeks information on the validity of the loan and mortgage documents, in what appears to be an effort to obtain evidence underpinning Plaintiff's theories regarding the improper securitization and unlawful assignment of Plaintiff's mortgage. Such requests do not fall within the confines of RESPA. See, e.g., Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (dismissing the plaintiff's RESPA claim with prejudice after observing that the requirement "[t]hat a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan"); MorEquity, Inc. v. Naeem, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) (dismissing a RESPA claim because "[a]ccording to the allegations . . ., the letter sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the [ ] account balance").

      Finally, § 2605 only requires loan servicers to respond to a proper QWR by correcting the account discrepancy, explaining why the account is correct, or if the information is unavailable, by providing contact information for someone who can assist the borrower with his inquiry. 12 U.S.C. §§ 2605(e)(2)(A)-(C). Thus, even if Plaintiff's July 20, 2011 letter was otherwise a proper QWR, his request exceeds the scope of information Bank of America was required to provide in response. See, e.g., Junod v. Dream House Mortg. Co., 2012 U.S. Dist. LEXIS 3865, at *13 (C.D. Cal. Jan. 5, 2012).

      The Court concludes that Plaintiff has failed to allege sufficient facts to state a claim under RESPA for failure to provide information or respond to a QWR under 12 U.S.C. § 2605. This claim is accordingly dismissed with prejudice.

      F.      <u>California Unfair Competition Law</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

California Business and Professions Code section 17200 et seq., is referred to as California's "unfair competition statute" ("UCL") and prohibits "any unlawful, unfair or fraudulent business act or practice." In re Pomona Valley Med. Group, Inc., 476 F.3d 665, 674 (9th Cir. 2007). Plaintiff's UCL claim is based on the allegation that Defendants have no authority to collect payment on Plaintiff's mortgage. Plaintiff has failed to provide any facts rendering this allegation plausible. Accordingly, Plaintiff has failed to state a claim under the UCL.

    G.    <u>Accounting</u>

Plaintiff's FAC brings a claim for an accounting against Bank of New York and BAC. A claim for an accounting requires that "some balance is due plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009). "The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender." Id. at 179-80.

Plaintiff is admittedly in default on his mortgage, and none of Plaintiff's allegations render plausible his claims that he is owed money by Defendants. Plaintiff's claim for an accounting is accordingly dismissed.

    H.    <u>Breach of Contract & Breach of the Implied Covenant of Good Faith & Fair Dealing</u>

Plaintiff next brings claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Each of these claims is premised on Plaintiff's allegation that Defendants improperly credited payments he made to his account, and added improper interest and other fees to his account.

Plaintiff's claims lack any factual basis whatsoever, and the Court dismisses them on this basis. Moreover, Plaintiff is admittedly in default on his mortgage. Thus, because Plaintiff does not – and cannot – allege that he has complied with his material obligations under his contract with Bank of New York, he cannot state a claim for breach of contract. See Wall Street Network, Ltd. v. New York Times Co., 164 Cal. App. 4th 1171, 1178 (Cal. App. 2d Dist. 2008) ("The standard elements of a claim for breach of contract are (1) the contract, (2) *plaintiff's performance or excuse for nonperformance*, (3) defendant's breach, and (4) damage to plaintiff therefrom.") (emphasis added). Moreover, Plaintiff's claim for breach of the covenant of good faith and fair dealing alleges (inadequately) a breach of explicit contractual obligations in the Deed of Trust. Such allegations cannot form the basis of a claim for breach of the implied covenant. See Kelley v. Mortgage Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1055 (N.D. Cal. 2009) (citations omitted) (noting that the "implied covenant 'prevent[s] a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract'").

Accordingly, Plaintiff's contractual claims are dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

    I.    <u>California Civil Code Sections 2924 & 2923.5</u>

        A.    <u>Section 2924</u>

Section 2924(a) of the California Civil Code sets forth mandatory procedures for foreclosures. Civil Code section 2924, subdivision (a)(1) states that a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process. Plaintiff alleges that this statute was violated because Defendants lack authority to foreclose based on Plaintiff's theory regarding the failed securitization or fraudulent Assignment. As discussed, these theories do not call into question Defendants' ability to foreclose on the Deed of Trust. Thus, this claim is dismissed.

        B.    <u>Section 2923.5</u>

Civil Code section 2923.5 requires that before a notice of default is filed a lender contact the borrower in person or by phone to "assess" the borrower's financial situation and "explore" options to prevent foreclosure. The statute further provides:

> During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

Cal. Civil Code § 2923.5(a)(2).

The remedy for a violation of section 2923.5 is limited. "If section 2923.5 is not complied with, then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed. The available, existing remedy is found in the ability of a court in section 2924g, subdivision (c)(1)(A), to postpone the sale until there has been compliance with section 2923.5." <u>Mabry v. Superior Court</u>, 185 Cal. App. 4th 208, 223 (Cal. App. 4th Dist. 2010). No other remedy is authorized. <u>Id.</u>; accord <u>Tamburri v. Suntrust Mortg., Inc.</u>, 2011 U.S. Dist. LEXIS 144442, at *53 (N.D. Cal. Dec. 15, 2011) (noting that " failure to comply with § 2923.5 does not give rise to any damages remedy") (citation omitted).

Plaintiff alleges that he was not informed of his right to a meeting or of the toll-free phone number of the HUD-certified housing counseling agency. Defendants move to dismiss this claim,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6098 PA (Ex) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Andrew Heying v. Countrywide Home Loans, Inc., et al. | | |

arguing that by submitting a declaration of compliance with section 2923.5 with the Notice of Default, Plaintiff's claim is extinguished.

Plaintiff here specifically alleges that Defendant failed both to initiate contact with Plaintiffs and to inform them during any communication of their rights under section 2923.5. Where, as here, a plaintiff's complaint alleges facts directly contradicting statements in a declaration of compliance, such allegations are sufficient to withstand a motion to dismiss. See, e.g., Quintero Family Trust v. OneWest Bank, F.S.B., 2010 U.S. Dist. LEXIS 63659, at *8 (S.D. Cal. June 25, 2010) ("In their SAC, Plaintiffs allege that no contact or attempt to make contact was made, despite the declaration in the Notice of Default. Taking this allegation as true, the Court cannot determine at this time whether Defendants complied with the requirement to contact Plaintiffs as set forth in § 2923.5(a)."); Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009). "Despite Defendants' insistence to the contrary, the mere filing of a declaration of compliance with a notice of default is not a panacea for any failure to adhere to the express requirements of Section 2923.5." Laden v. United States Bank Nat'l Ass'n, 2012 U.S. Dist. LEXIS 17310, at *11 (C.D. Cal. Feb. 13, 2012). Accordingly, the Court denies Defendants' Motion to Dismiss under California Civil Code section 2923.5.

Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part. The majority of Plaintiff's claims are based on Plaintiff's factually unsupported and legally tenuous theory that Defendants lack any legal or equitable interest in Plaintiff's mortgage. After five complaints and an ex parte application for a temporary restraining order, it is clear that permitting further amendment to those claims would be futile and would unduly prejudice the legitimate interests of Defendants. See Reddy v. Lipton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990). Thus, all of Plaintiff's claims, save for his TILA claim and section 2923.5 claim, are dismissed without leave to amend. Defendants shall file their answer within 10 days of the entry of this Order.

IT IS SO ORDERED.